### SIMPSON *v*. MONTGOMERY COUNTY BANK.

Opinion delivered January 28, 1918.

APPEAL AND ERROR—FINDING OF CHANCELLOR—CONSIDERATION FOR NOTE.—In an action on a note and the foreclosure of a mortgage given to secure it, the defendant pleaded usury. *Held,* the finding of the chancellor that the note was not usurious, would not be disturbed on appeal.

Appeal from Montgomery Chancery Court; *J. P. Henderson,* Chancellor; affirmed.

*C. H. Herndon,* for appellant.

The note was void for usury. 41 Ark. 331; 83 *Id.* 31, etc.

*Gibson Witt,* for appellee; *Earl Witt,* of counsel.

There was no usury. 35 Ark. 217; 55 *Id.* 143; 56 *Id.* 334; 67 *Id.* 426; 99 *Id.* 626.

The chancellor so found and his findings are not against the preponderance of the evidence.

HART, J. The Montgomery County Bank instituted this action in the chancery court against John T. Simpson and Mattie Simpson, to obtain judgment on a note for $126.25 and to foreclose a mortgage on certain real estate to secure the same. The defendants interposed the defense of usury. The material facts are as follows:

The Montgomery County Bank obtained a judgment against John T. Simpson before a justice of the peace and a transcript of the judgment was filed with the circuit clerk. An execution was issued and the land in controversy was sold to G. Cox, who was president of the bank, and who purchased the land for the bank in satisfaction of its judgment. Cox instituted an action in ejectment against Simpson for the land. Simpson defended the suit on the ground that the land belonged to Mattie J. Simpson, his wife. The note sued on was given by Simpson to H. A. King to effect a settlement of the ejectment suit. The note was payable to H. A. King, who was the attorney for Simpson, and King transferred the note to the bank.

According to the testimony of Simpson, $75 of the note was for the settlement of the claim of the bank against him; $25 was for the settlement of his attorney's fee to King; $1.50 for the recording of the mortgage on the land given to secure the note, and $25 as interest on the note or as bonus for the loan. The note was executed upon a blank form of the bank and bore interest at the rate of 10 per cent. per annum from date until paid.

According to the testimony of L. L. Beavers, the cashier of the bank, the note was purchased before maturity by the bank in the usual course of business from H. A. King. He was asked the following: "You knew the circumstances under which Mr. King received this note?" He answered, "Yes. It was given to compromise this lawsuit, and to secure his attorney's fee." He also testified that King was dead.

The chancellor found that the note was given in compromise of the ejectment suit and for the payment of the attorney's fee owed by Simpson to King. A decree was accordingly entered for the amount of the note sued on and for a foreclosure of the mortgage given to secure it. The defendant has appealed.

According to the settled rule of this court the findings of fact made by a chancellor will not be disturbed on appeal unless they are against a preponderance of the evidence.

According to the testimony of the cashier of the bank, the note in question was made up of $75 which went to the payment of the compromise between the bank and Simpson, and $50 for the payment of the attorney's fees owed by Simpson to H. A. King. The remaining $1.50 was the fee for recording the mortgage.

It is true the testimony of the cashier was contradicted by that of Simpson but, tested by the rule above announced, it can not be said that the finding of the chancellor is against the preponderance of the evidence.

Therefore the decree will be affirmed.